Judge Undeewoou,
delivered the opinion of the court.
On the 21st of July, 1825, Carson and others, executed their obligation to Pearl, in the. penal sum of $200, with the following condition in substance: *‘That whereas, the above bound David Carson has obtained an injunction according to the prayer of his bill, exhibited in the Clay circuit court, and the amendments thereto, to stay proceedings at law. Now, should the said David Carson, Paul Pigg, and Benjamin Chcsnut, or either of them, pay all money and tobacco and cost, due, or to become due, to the plaintiff in the action at law, and also all such cost as shall be awarded against him, in case the injunction shall be discharged, then this obligation shall be void.”
Pearl instituted an action of covenant on this bond,. The declaration recites that Carson filed his bill in chancery, in the Clay circuit court, against William Pearl, the plaintiff, and obtained an injunction to stay proceedings at law, on a judgment for $50, rendered before David Weaver, justice of the peace for Knox county, for the sum of §50, in commomvealih’s bank paper, and in pursuance of said injunction, the said defendants executed their covenant in the clerk’s, office, &c.”
Profert is made of the obligation, and the condition is substantially set out as well as the penal part of i i. The declaration thenproceeds thus :sNow, the plaintiff avers, that the said injunction, at the April term 1826, of the Clay circuit court, was dissolved and discharged. A copy of the record and proceedings are shown to the court; but the defendants to keep and perform their deed of covenant, have failed in this; that they did not after said injunction was discharged, pay to the plaintiff the sum of $200, nor the sum of $50, commonwealth’s paper, the amount of the judgment at law, enjoined as aforesaid; but to keep the same the defendants, have re-, fused, &c.”
The defendants craved oyer of the bond and record and proceedings, in the declaration set forth,which was *93 given; and thereupon, they demurred. The bond and record are set out in totidcm verbis in the demurrer. The defendants also tiled the plea of nul tid record. It is stated on the record that the plaintiff “filed his joinders to plea No. 1 and 3,"’and the court upon said issues adjudged the law for the plaintiff, "but no replications, or joinders are exhibited. Upon the court deciding the law for the plaintiff, the “defendants oifered (as the record states) to file an additional plea marked No. 3, which the plaintiff objected to. The court permitted said plea to be filed, but refused to compel the plaintiff to produce the original bond.”
Issue on 0f nul ticl record is properly triable by the court. II record says there was joinder to a plea, its existence will be considered asestablished, altho, record may not exhibit ajoinder in totidem, verbis.
*93 The record is awkwardly made out. It does not show the numbers of any of the pleas. We can find nothing in the record which will answer the description of plea No. 3. There is a writing signed by counsel to this effect: “The defendant prays oyer of the bond in the plaintiffs declaration set forth, and because oyer is not given he prays judgment.”
From what is stated on record about the refusal of the court, to compel the plaintiff to produce the original bond, itmay be inferred that the instrument craving oyer in theabove terms, was regarded as the third plea. But itccr-tainly cannot wiili anyproprietybedenominated a plea.
A jury was empannelled and sworn to enquire of damages. A verdict for ;¡¡¡ol,was returned by the jury, upon which the court rendered a judgment for that amount, in notes on the bank of the commonwealth, stating as the reason for doing so, that tire plaintiff had endorsed his willingness to receive such notes in his declaration. After thepluinüííc evidence was concluded, a motion wasrnade for an instruction to the jury, to find as in case of a non-suit. The court overruled the motion. A new trial was moved for, which the court also overruled. To these opinions of the court, the defendants filed exceptions.
The first error assigned, questions the sufficiency of the declaration. We admit it is not drawn with the greatest clearness, but still it substantially sets out a good cause of action for the recovery of the amount of the judgment for $50, commonwealth’s bank notes, rendered before Weaver, or its value. The court correctly overruled jhe demurrer to the declaration.
Whether there was such record as that set out in the de-clarationandprofered, wasproperly triable by the court.
*94 The declaration only purports, to exhibit a record, showing the dissolution of the injunction for the §59, judgment aforesaid, at the April term 1826 of the Clay circuit court. The record shown proves the allegation of the declaration in this respect. The court correctly decided in favor of the plaintiff, upon the plea of nul tiel record.
It is assigned for error, that the court erred in deciding on the demurrer and plea of nul tiel record, without a joinder to either. The objection cannot prevail; because the record, which must be taken as true,says there were joinders filed to pleas No. 1 and 2, which means the demurrer and plea of nul tiel record, as there were no other pleas filed. If the joinders have been misplaced, so that the clerk cannot find them, and transcribe them for this court, ive take their existence as fully established by the language of the record.
■ The defendants were entitled to oyer of the obligation declared on. Because the plaintiff, by making profert of it in his declaration, showed that it was subject to his control, and it did not lie in his mouth thereafter, to allege that it was impounded in a court of record, and thereby to avoid exhibiting the original and compel the defendants to accept oyer of a copy. ■ If i he bond sued, on really constituted an exhibit in a chancery cause, as was stated, or if it constituted a part of the public documents pertaining to the clerk’s office,not exclusively subject to the control and possession of the plaintiff as obligee, and for either of these reasons he iniended to substitute a coj>y, instead of the original, in making pro-fert, he should have made his declaration conform to his intention, and profered a copy instead of the original. Such a cause might have led the defendants to examine the original on file in the proper office, to be prepared with every defence which an inspection of the instrument may have suggested. The course pursued was calculated to surprise, and may have deprived the defendants of making some availing defence, which would have been made had they seen the face of the original. The defendants, did not waive their right by failing to demand oyer of the original at an earlier period. So long as they had a right to plead, they had a right to inspect the bond declared on, when profert was made of it on the face of the declaration.
Profert is not necessary in Son bo"d'Uniñ suit on official bonds of sher-0f a copy is sufficient.
If plaintiff make profert whorf °r^brt^ 0f a ¿,py had been sufficient ho wil1 be, to pr"duoeorigi-nal, if oyer of if; be insisted on‘
Judgment for commomo’ths be^rendored L on injunc-bonds, ^Unjoined ■was for commonwealth’s paper. Because injunction bond contains other obligations, than that for payment of judgment enjoined.
*95 The declaration would have been good without profert being made, as was decided in the case of Triplett &c. vs. Anderson. But whether profert is made or not, the defendants are entitled to oyer. In some cases, a copy, of the bond declared on, will be sufficient. Such is the case when suits are brought on theoilicial bonds of sheriff’ and other officers. So likewise, where a second suit is brought in another county against one of several obl'igors on the same obligation. But even in these cases the declaration should either make profert of a copy or not make it at all.
If the plaintiff makes profert of the original, it is fair to hold him to his own offer', and not to suffer him to substitute a copy in place of the original. In this case, the defendants required oyer of the original bond, it is clear they did not get it, notwithstanding the statement of the demurrer, apparently to the contrary. And although it might not have availed them any thing if it had been furnished, still a proper regard to' correct practice, in cases situated like this, requires us to reverse the judgment, because oyer ■of the oiiginal was not given.
The court did not err, in refusing to instruct the jury to find as in case of anon-suit. After the demurrer and plea of nul lid record were disposed of, there was no defence whatever to the action. This would at least have entitled the plaintiff to nominal damages, and that was a sufficient reason for refusing the instruction. Whether more could have been recovered, without producing the record of the judgment before the justice of the peace, is a different question. That record is certainly better evidence than the statements in Carson’s bill, acknowledging the existence of such a record. But for the fact, that Carson swore to his bill, its statements would not be competent evidence against him; Peake 54. It may he well doubted, whether the statements in the bill would be received as evidence 'against Chesnut and Pigg,evcn if they were admitted against Carson. These difficulties can be easily obviated on another trial.
The judgment is clearly erroneous and the whole proceedings unwarranted, so far as the recovery of notes on the bank of the common wealth, specifically was tolerated, The injunction bond on which the suit was instituted, does not come within the purview of the statute, pe; ting the recovery of bank notes specifically. It contains *96 other stipulations besides,that which might be considered as a direct obligation, to pay the amount of the judgment before the justice, (which judgment was for paper,) in case the injunction should be dissolved. No endorsement on the declaration, could bring the case within the operation of the statute, allowing a specific recovery of bank notes.
Owsley, for plaintiff.
It results from the foregoing view of the record, ana for the error? detected, that the circuit court ought to have granted a new trial.
The judgment is reversed and set aside, and the cause remanded for a new trial, not inconsistent with the principles of this opinion. The plaintiffs in error, must recover their costs.